IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS FEBRUARY 14, 2012


**DELAWRENCE WILLIAMS v. STATE OF TENNESSEE**


**Appeal from the Circuit Court for Dyer County**
**No. C03-405     R. Lee Moore, Jr., Judge**

_____

**No. W2010-02293-CCA-R3-PC  - Filed May 29, 2012**

_____


The petitioner, Delawrence Williams, appeals the post-conviction court's denial of his petition alleging ineffective assistance of counsel on the grounds that: (1) prior to trial, his counsel did not inform him of the possibility of consecutive sentencing and (2) his counsel failed to research and sufficiently argue against the imposition of consecutive sentences at his sentencing hearing.  Because the petitioner has not shown deficiency by clear and convincing evidence, we affirm the denial of the post-conviction petition.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**


JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.


Danny H. Goodman, Jr., Tiptonville, Tennessee, for the appellant, Delawrence Williams.


Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.


**OPINION**


**Facts and Procedural History**


A jury found the petitioner, Delawrence Williams, guilty of possession of .05 grams or more of  cocaine with intent to deliver, a Class B felony, and simple assault, a Class A misdemeanor.  The petitioner committed the acts giving rise to these convictions while he was released on bond, awaiting the arrival of the date set for him to report to jail on another

conviction in the same county. The petitioner was sentenced as a Range II, multiple offender to fourteen years for the possession with intent to deliver and to a concurrent eleven months and twenty-nine days for the assault, for an effective sentence of fourteen years. This fourteen-year sentence was ordered to run consecutively to the petitioner's twelve-year sentence for his earlier conviction.

The facts giving rise to the petitioner's convictions are discussed in detail in our opinion on direct appeal. To summarize, the petitioner was arrested as a result of an argument he had with his girlfriend, Vivial Taylor. At trial, Ms. Taylor testified that in the course of the argument, she attempted to run over the petitioner with her car and the petitioner struck her windshield with a swing blade. When the sheriff's department responded to the incident, an officer observed what appeared to be illegal drugs in the trailer where the petitioner lived. Pursuant to a search warrant, a marijuana cigar, a paper towel with what appeared to be crack cocaine, a razor blade with white residue, five plastic bags with one ounce of cocaine each, and over four thousand dollars in several cash bundles were discovered in the petitioner's room and in his closet. The petitioner shared the trailer with other individuals who had access to his room. *See State v. Williams*, No. W2009-00748-CCA-R3-CD, 2009 WL 3754367, at *1-3 (Tenn. Crim. App. Nov. 10, 2009).

In June of 2010, the petitioner filed this timely post-conviction petition alleging ineffective assistance of counsel. The petitioner was appointed counsel and filed an amended petition in September 2010.

At the hearing on the post-conviction petition, the petitioner testified that his trial counsel "did a fair job" in general, but was ineffective because he did not cite to authority when arguing against consecutive sentencing under Tennessee Rule of Criminal Procedure Rule 32(c)(3)(C). The petitioner testified that he had never received a consecutive sentence before, did not know that consecutive sentencing was a possibility, and would not have gone to trial if he had been properly informed. The petitioner further testified that the first time he had heard he might receive a consecutive sentence as a career criminal was at the sentencing hearing, and that his lawyer had never discussed the possibility with him prior to that time.

During cross-examination, the petitioner acknowledged that he was on bond when he was charged with the offenses for which he was convicted. He testified that his counsel had informed him he would be sentenced as a Range I offender if he pled guilty but a Range II offender if he opted to go to trial. The petitioner testified that he understood that his offender classification would affect the range of his potential sentence to confinement.

Trial counsel for the petitioner also testified at the hearing. Trial counsel testified that

he recalled receiving a letter from the prosecution prior to trial, in which the prosecution noted its position that any sentence would have to run consecutively to the petitioner's earlier Dyer County conviction and "any offer would have to involve a mandatory consecutive sentence." Trial counsel stated that there was a plea offer from the prosecution included with that letter and that he had communicated this offer to the petitioner.

Concerning his conduct at the petitioner's sentencing hearing, trial counsel testified that he did not cite to authority in response to the prosecution's argument that the petitioner's sentences must be run consecutive to his earlier conviction given Rule 32 of the Tennessee Rule of Criminal Procedure 32 because he did not believe any cases fit the petitioner's circumstances, as the petitioner had already been convicted of the first offense when he was out on bond. Trial counsel testified that he did argue regarding whether Rule 32 applied to the petitioner, but trial counsel did not contest the petitioner's claim that he had never discussed with the petitioner the possibility of being sentenced to consecutive sentences as a professional criminal. Trial counsel had no recollection of doing any legal research concerning whether the sentences would have to be served consecutively if the petitioner was out on bond when he committed the later offense. Trial counsel testified that his argument relied on the language of Rule 32 itself.

After all the testimony was taken, the post-conviction court, which had also served as the trial court, noted that, during sentencing, it had intended to make the petitioner's sentence consecutive whether or not it was mandatory to do so and that it had considered the pre-sentencing report and the absence of a work history in doing so. "My memory about this was that I sentenced him to [a] consecutive sentence – consecutive sentence number one because it was probably mandatorily consecutive but even if it was not mandatorily consecutive I found that he was a professional criminal and it was certainly . . . discretionary for me to do so." The post-conviction court noted that this last determination was based on evidence that the petitioner had no income aside from the sale of drugs. The post-conviction court, finding no deficiency in the performance of petitioner's counsel and no prejudice, denied the petition.

**Analysis**

In order to be successful on a post-conviction petition, a petitioner must show both deficient performance by counsel and prejudice resulting from that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficiency requires a showing that counsel's errors were so serious that counsel did not function as the counsel guaranteed under the Sixth Amendment to the United States Constitution. *Id.* at 687. Representation must fall below "an objective standard of reasonableness" and must surmount a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Calvert v. State*, 342 S.W.3d 477, 486 (Tenn. 2011) (quoting *Strickland*, 466 U.S. at 694).

Once deficiency has been shown, the petitioner must demonstrate that the deficiency resulted in prejudice. Prejudice is established when the petitioner shows that there is a reasonable probability that, but for counsel's deficiency, the results of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." *Id.* A petitioner must show both deficient performance and resulting prejudice. Failure to prove either prong is a basis for denying the petition; the court need not address both prongs or analyze the requirements in any particular order. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). In order to succeed on a post-conviction claim, the petitioner must establish the grounds for relief by clear and convincing evidence. T.C.A. §40-30-110(f) (2010). Clear and convincing evidence is evidence that leaves no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009).

The petitioner's first claim for relief is that his trial counsel was ineffective for failing to alert him to the possibility that the sentence on his felony drug charge could be ordered to run consecutively to his earlier Dyer County conviction. The petitioner asserts that, had counsel informed him of the possibility that consecutive sentences could be imposed, he would have pled guilty rather than go to trial. The petitioner testified he was unaware of the possibility of consecutive sentencing until his own sentences were imposed consecutively.

However, his trial counsel testified that, prior to trial, the State had indicated by letter that it believed consecutive sentences were mandatory. Trial counsel also testified that there was "[n]o question that the District Attorney's office felt that any offer would have to involve a mandatory consecutive sentence." Trial counsel stated that he communicated the contents of a plea offer in that letter to the petitioner. The post-conviction court found no deficiency; implicitly, it credited trial counsel's testimony that he communicated the contents of a plea offer involving consecutive sentencing to the petitioner rather than the petitioner's assertion that he had never heard of the concept of consecutive sentences. The post-conviction court did not err in failing to find trial counsel's performance deficient.

The petitioner also alleges that his trial counsel was ineffective for failing to research and present arguments that his sentences were not required to be consecutive. Tennessee Rule of Criminal Procedure 32(c)(3)(C) requires mandatory consecutive sentences for "a felony committed while the defendant was released on bail and the defendant is convicted of both offenses." Like Rule 32(c)(3)(C), Tennessee Code Annotated section 40-20-111(b) (2010) requires consecutive sentencing when "a defendant commits a felony while the defendant was released on bail" and the defendant is convicted of both offenses. The testimony at the post-conviction hearing establishes that trial counsel argued that the court was not required to sentence the defendant to consecutive sentences. Trial counsel's argument was based on the language of Rule 32 and premised on the fact that the petitioner

-4-

had already been convicted of the crime for which he was out on bond. The petitioner's trial counsel acknowledged that he did not do any research to find cases that might assist him in interpreting Rule 32(c)(3)(C) in a light favorable to the petitioner.

The petitioner has failed to establish either deficient performance or any resulting prejudice as a result of counsel's failure to argue that his sentences were not required to be served consecutively to his earlier conviction. The petitioner cites no case supporting the proposition that the statutory mandates of Rule 32(c)(3)(C) would not apply to his case. The plain language of Rule 32 provides no exception for crimes committed after a petitioner has been convicted. It does not specify when convictions must occur at all. It only requires that the defendant commit a felony while released on bail and be convicted of both offenses. We have approved the enhancement of a sentence based on Tennessee Annotated section 40-35-114(13)(A), allowing the court to consider that the defendant was "[r]eleased on bail or pretrial release, if the defendant is ultimately convicted" of the crime, when the defendant was on bail following his conviction. *State v. Davis*, No. 01C01-9507-CR-00226, 1996 WL 85188, at *4, *6 (Tenn. Crim. App. Feb. 29, 1996) (noting that the defendant "was released on bail for the purpose of getting his affairs in order before being confined on his sentences for his prior drug convictions when the present offenses were committed"). Under the Rule, the petitioner's sentence for his felony drug charge was required to run consecutively to his earlier conviction. *See, e.g., State v. Blanton*, 926 S.W.2d 953, 961 (Tenn. Crim. App. 1996) (finding that a conviction for the offense for which defendant was out on bail did not need to precede the conviction for the second offense because it is "irrelevant whether the conviction for the first offense, releasing the defendant on bail, occurs prior to the conviction for the second offense, occurring while the defendant is on bail"). Because Rule 32(c)(3)(C) and Tennessee Code Annotated section 40-20-111(b) required the sentences to run consecutively, the petitioner's trial counsel was not deficient for failing to develop the argument further, and the petitioner cannot show prejudice. Moreover, the trial court's inclusion of an alternative basis for the consecutive sentencing – that the petitioner was a professional criminal – also precludes a finding of prejudice.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the post-conviction trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE